# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 13-5060**                                          September Term, 2013

1:11-cv-01032-JDB

**Filed On:** December 11, 2013

Kay Sieverding and David Sieverding,

    Appellants

    v.

United States Department of Justice,

    Appellee

**BEFORE:**   Rogers, Tatel, and Srinivasan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the response thereto, and the reply; the motion for leave to file a sur-reply and the lodged sur-reply; the motion for summary reversal; the motion for sanctions, the response thereto, and the reply; and the motion for leave to adduce additional evidence, the response thereto, and the reply, it is

**ORDERED** that the motion for leave to file a sur-reply be denied. See D.C. Cir. Rule 27(d). It is

**FURTHER ORDERED** that the motion for sanctions be denied. Appellant has not demonstrated she is entitled to the relief requested under Fed. R. App. P. 38 or D.C. Cir. Rule 38. It is

**FURTHER ORDERED** that the motion for leave to adduce additional evidence be denied. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellants' challenge to the district court's determination that Mr. Sieverding lacks standing, see Sieverding v. DOJ, 693 F. Supp. 2d 93, 101 (D.D.C. 2010); Sieverding v. DOJ, 847 F. Supp. 2d 75, 81 (D.D.C. 2012), is without merit, because there is no record evidence, other than the Sieverdings' bare

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 13-5060**     **September Term, 2013**

allegations, to support the claim that Mr. Sieverding suffered an injury-in-fact from DOJ's alleged violations of the Privacy Act.  At the summary judgment stage, mere allegations of injury without an affidavit or other evidence of specific facts do not suffice to establish a legally cognizable injury in fact.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted).  Moreover, the district court did not abuse its discretion by denying the motion for leave to amend the complaint.  See Rollins v. Wackenhut Services, Inc., 703 F.3d 122, 131-32 (D.C. Cir. 2012).  Finally, because appellants fail to provide any analysis addressing the claims they raised in the district court, they have forfeited them on appeal.  Cf. American Wildlands v. Kempthorne, 530 F.3d 991, 1001 (D.C. Cir. 2008) (issues not raised in argument section of opening brief are forfeited on appeal).

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**